FELDMAN v. SENFT.

(Supreme Court, Appellate Term.  February 23, 1905.)

1. TRIAL—CONDUCT OF COURT—CRITICISM OF COUNSEL—EFFECT.
    Where the court's criticisms contained in its instructions applied to both counsel, the language used could not be held to affect the verdict so as to justify the court to set it aside.

2. EVIDENCE—EXCLUSION—HARMLESS ERROR.
    Where in a personal injury action there was no question but that whatever injuries plaintiff had resulted from the accident complained of, the exclusion of a question, put to a doctor, as to what would produce the injury which he found on plaintiff's body, was not erroneous.

Appeal from City Court of New York, Trial Term.

Action by Harry Feldman, by guardian, against Harry B. Senft. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.  Modified.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Gustavus A. Rogers, for appellant.

Engel, Engel & Oppenheimer, for respondent.

PER CURIAM.  The plaintiff bases his appeal mainly upon some strictures upon the conduct of counsel which were embraced in the charge.  There is nothing to show that these criticisms were not deserved, and they certainly were impartial, since they were applied to both counsel.  They could not, therefore, have affected the verdict. It is not necessary to consider the exception to the exclusion of the question put to the doctor as to what, if anything, would produce the injury which he testified to having found on the boy's foot.  No question was made but that whatever injuries the boy had resulted from the accident.  We find no other error calling for consideration.  We are of opinion, however, that the order granting an extra allowance cannot be sustained, for the case was neither difficult nor extraordinary. Standard Trust Co. v. N. Y. C. & H. R. R. Co., 178 N. Y. 407, 70 N. E. 925.

The judgment will therefore be reduced by the sum of $100, and as so modified will be affirmed, with costs.  All concur.